**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**JOSEPH WHITE** **PLAINTIFF**

**v.** **Case No. 2:25-CV-02158-DCF**

**UNIFIRST CORPORATION** **DEFENDANT**

**ORDER**

In a Report and Recommendation, the Honorable Mark E. Ford, United States Magistrate Judge, recommended that Plaintiff's motion to remand be granted and that no attorney's fees or costs be awarded to Plaintiff. (Doc. 17). Plaintiff timely filed his Objection as to the denial of fees and costs. (Doc. 18). Defendant responded in support of the Magistrate Judge's findings on May 5, 2026. (Doc. 20). Based on de novo review, Plaintiff's Objection is OVERRULED, and the Report and Recommendation is ADOPTED IN ITS ENTIRETY.

## I. BACKGROUND

As an initial matter, the Court notes that no parties have objected to the Magistrate Judge's recitation of facts in this matter. As such, the Court adopts the Magistrate Judge's fact summary as its own. Plaintiff Joseph White, an individual residing in Crawford County, Arkansas, asserts claims of unlawful retaliation and unlawful discrimination against Defendant UniFirst Corporation,

a Massachusetts corporation. (Doc. 3). Defendant is registered to do business in Arkansas and has several business locations in Arkansas. (*Id.*). Pursuant to Ark. Code Ann. § 4-28-214(a), Defendant's registered agent in Arkansas is the Prentice-Hall Corporation System at 300 South Spring Street, Suite 900 in Little Rock.[1]

Plaintiff originally filed this action in the Circuit Court of Crawford County, Arkansas, on October 28, 2025, alleging violations of the Arkansas Civil Rights Act, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1991. (Doc. 3). On the same day, he mailed copies of the Summons and Complaint using Priority Mail Service, which requires a signature upon receipt. (Doc. 8, pp. 10, 13). Jeff Johnson of Prentice-Hall signed for the documents on November 3, 2025. (*Id.* at 28).

Defendant removed the case on December 4, 2025. (Docs. 1-2). In its Notice of Removal, Defendant stated that it was served on November 5, 2025. (Doc. 2). On December 11, Plaintiff filed his Motion to Remand asserting Defendant's Removal was untimely. (Docs. 5, 8). Defendant did not file a response to the Motion.

The case was reassigned to the undersigned on February 17, 2026. (Doc.

[1] *See* ARKANSAS SECRETARY OF STATE, UniFirst Corporation, https://sos-corp-search.ark.org/corps/results?corp_type_id=&corp_name=UniFirst+Corporation&fict_name=&agent_search=&agent_city=&agent_state=&filing_number= (last accessed Sept. 1, 2026).

14). On March 13, the undersigned referred it to the Magistrate Judge. (Doc. 16). The Magistrate Judge entered the Report and Recommendation on April 17. (Doc. 17). Plaintiff timely filed his Objection on April 21 (Doc. 18), and Defendant responded in support of the Magistrate Judge's findings on May 5, 2026, conceding that the case should be remanded and agreeing that costs and fees should not be awarded to Plaintiff (Doc. 20).

## II. DISCUSSION

As both parties agree with the Magistrate Judge's recommendation that this case should be remanded to state court, the only remaining question is whether Defendant should be required to pay Plaintiff the "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See* 28 U.S.C. § 1447(c). The standard for awarding fees turns on the reasonableness of the removal. *Convent Corp. v. City of N. Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015). "Absent unusual circumstances, courts may award attorney's fees under § 1447 only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Defendant's Notice of Removal was predicated on the incorrect belief that service was perfected when Defendant received the Summons and

Complaint from its registered agent Prentice-Hall. (Doc. 20, pp. 1-2). Based on that date, November 5, 2025, Defendant calculated its 30-day deadline and filed its Notice of Removal on December 4, 2025. (*Id.*).

However, service upon a registered agent provides notice, *Villareal v. B & C Contracting Specialist Inc.*, 2020 WL 2088341, *2 (E.D. Mo. Apr. 30, 2020), and "[t]he return of service is prima facie evidence of service, *Robin Dee Enterprises, Inc. v. Burns*, 684 S.W.3d 596, 601 (Ark. Ct. App. 2024). Prentice-Hall, Defendant's registered agent, was served on November 3, 2025. (Doc. 20-1). Thus, Defendant's Notice of Removal was due by December 3, 2025.

Defendant concedes the point on timeliness but insists that fees should be denied because it had an objectively reasonable basis for seeking removal. (Doc. 20, p. 2). Defendant urges the Court to consider that subject matter jurisdiction exists in this matter based on both 28 U.S.C. § 1331 and 28 U.S.C. § 1332. (*Id.* at 1). No parties dispute that fact. (*Id.*). According to Defendant, it had an objectively reasonable basis for seeking removal. (*Id.*). And it was reasonable for it to believe that service was perfected when the Summons and Complaint were received. (*Id.*). Thus, it was reasonable for it to believe that the Notice of Removal was timely when filed on December 4. (*Id.*).

Plaintiff contends that fees should be awarded because Defendant "never believed removal was defensible." (Doc. 18, p. 2). He insists that it was not

reasonable for Defendant to believe that service was perfected on November 5 because Defendant's counsel is "a very prominent national labor and employment law firm." (*Id.* at 1-2). Plaintiff also makes much of the fact that Defendant did not file a response to his Motion to Remand. (*Id.* at 2).

However, the court does not consider the removing party's motive, but "the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Convent*, 784 F.3d at 483. The Court finds that an objectively reasonable basis existed for seeking removal on December 4, 2025, the date Defendant filed its Notice. Defendant only learned that service was perfected on November 3, not November 5, after Plaintiff filed a Proof of Service with Crawford County on December 8. (Doc. 20, p. 2). It is clear now that Defendant incorrectly calculated its deadline, but at the time of filing its Notice, an objectively reasonable basis existed to seek removal based on the presumed date of service, November 5. As such, an award of fees and costs is not warranted in this case.

## III. CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiff's Objection (Doc. 18) and **ADOPTS IN ITS ENTIRETY** the Report and Recommendation (Doc. 17). Accordingly, Plaintiff's Motion to Remand and Request for Costs and Fees (Doc. 5) is **GRANTED as to Remand and DENIED as to Costs and Fees**. This case is immediately **REMANDED** to the Circuit Court of Crawford County, Arkansas.

**IT IS SO ORDERED** this 2nd day of September 2026.

/s/ David Clay Fowlkes
DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE